Chester A. Cook and Raymond C. Cook, Trustees, Appellees, v. Helen M. Newbold and Thomas G. Newbold, Appellants.

### Gen. No. 19,827.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914.

## Statement of the Case.

Bill by Chester A. Cook and Raymond C. Cook, trustees, against Helen M. Newbold and Thomas G. Newbold to enjoin the alleged violation of certain negative covenants in a lease covering a certain building in the city of Chicago. One Ira B. Cook leased the building in question to Helen M. Markham (now Newbold), one of the defendants, for a period of ten years. After the making of said lease the said Cook conveyed his interest in the premises to complainants in trust and assigned to them, as trustees, the said lease. The lease provides that the first floor of the building may be used as a buffet and restaurant and for other commercial purposes, and that the remaining portion of the building may be used as a hotel, and the lessee covenants that she "will not permit said premises or any part thereof to be used for any unlawful or immoral purpose or for any purpose in violation of the laws of the United States, the State of Illinois, or the ordinances of the City of Chicago, or for any purpose that will tend to injure the reputation of said premises or of the building of which they are a part, or disturb the tenants of such building or the neighborhood and especially said second party will not permit or allow any women to frequent or congregate in that part of said demised premises used exclusively as a saloon."

The bill alleged a violation of said covenant and prayed that the damages sustained by complainants may be ascertained; and that the defendants may be enjoined from permitting the premises to be used for immoral purposes, in violation of the laws of the United States, the State of Illinois or the ordinances of the city of Chicago. The defendants filed separate answers, denying every material averment of the bill, and asserting that the proceedings were instituted by the complainants for the purpose of obtaining possession of the premises because of the enhancement in the rental value of the property. A replication was filed to the answers; the cause was heard by the chancellor, and a decree was entered, the material parts of which were as follows: "* * * and that the equities of this cause are with said complainants. * * * The court finds from the evidence that the said hotel has not been used for purposes of prostitution, that is to say, it has not been devoted to the practice of prostitution or lewdness, nor have the defendants kept upon said premises a house of assignation, that is to say, a house devoted to that purpose, nor have they kept a house devoted to the practice of fornication, prostitution and lewdness, but have kept it as a house devoted to hotel purposes. The evidence does not disclose any instance in which the defendants knowingly and willingly permitted said premises to be used for any immoral purpose. But the court does find that on numerous occasions, acts of fornication and prostitution have taken place in said hotel, and that these occasions have been so numerous that the court must find that the defendants have not exercised sufficient diligence to guard against these immoral practices, and that the complainants are entitled to a greater degree of diligence on the part of the defendants in this respect. And the court further finds that complainants have not knowingly or intentionally permitted said premises to be used or occupied for any

such illegal or immoral purposes. In consideration of the foregoing, it is therefore ordered, adjudged and decreed that the defendants, Helen Markham Newbold and Thomas Newbold, their attorneys, agents and employees, be and they are each of them enjoined at all times during the term of said lease from said Ira B. Cook to said Helen M. Markham, from permitting the said hotel or any part thereof to be used or occupied for any immoral purpose, or for any purpose that would tend to injure the reputation of said premises, and that the costs of this proceeding be paid by the defendants.'' To reverse the decree, the defendants prosecute an appeal.

The defendants contended that the findings of fact of the chancellor, incorporated in the decree, that relate to the alleged violations by the defendants of the covenants of the lease, are adverse to the allegations of the bill in reference thereto, and that the law, applicable to the facts as found, required that the suit be dismissed for want of equity, and that therefore the decree of the Circuit Court should be reversed and the cause remanded with directions to the chancellor to enter a decree dismissing the bill. The complainants contended that the evidence in the case conclusively shows that the defendants kept and maintained the hotel in question as a place for the practice of prostitution and lewdness, as alleged in the bill, and that it is not material whether the ordering part of the decree is consistent with the chancellor's findings; that the important and controlling question is, does the evidence justify the decretal order? The defendants in reply to this contention say, that the complainants have not assigned cross-error, and that therefore the correctness of the findings of fact of the chancellor cannot now be assailed by them and that the findings are conclusive on the Appellate Court.

GEORGE W. MILLER and JOSEPH B. FLEMING, for appellants.

DONALD L. MORRILL, for appellees; ROBERT W. MILLAR, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1077*—*cross errors.* The assignment of cross-errors in a chancery case is the pleading of the party and sets forth the ground upon which appellee or defendant in error seeks a reversal of the decree in whole or in part.

2. APPEAL AND ERROR, § 1078*—*when assignment of cross-errors improper and unnecessary.* An assignment of cross-errors is not necessary or proper in a chancery case where the appellee or defendant in error has obtained everything that he claims; he cannot assign cross-errors merely because he is dissatisfied with all or some of the findings of facts of the chancellor embodied in the decree.

3. EQUITY, § 549*—*effect of inconsistent findings in decree.* Where the ordering part of a decree is inconsistent with the findings of the chancellor embodied in the decree, the decretal order will be sustained if it is in accord with the allegations of the bill and the evidence.

### Peter J. Stozky, Appellant, v. Edward Robe and Cornelia Robe, Appellees.

#### Gen. No. 19,840.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed November 19, 1914.

### Statement of the Case.

Action on certain promissory notes, secured by a chattel mortgage and given for a shoe repairing shop, by Peter J. Stozky against Edward Robe and Cornelia

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.